# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8435 | **DATE** | 10/29/2012 |
| **CASE TITLE** | Allen v. DePaul University et al | | |

**DOCKET ENTRY TEXT**

Plaintiff Barbara Allen moves to proceed *in forma pauperis* without the full prepayment of filing fees. Ms. Allen has also moved this Court to appoint her counsel. For the reasons set forth below, the Court denies Ms. Allen's motions.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Pursuant to 28 U.S.C. 1915, the Court may authorize Ms. Allen to proceed *in forma pauperis* if she is unable to pay the mandated court fees. Ms. Allen need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin,* 628 F.2d 990, 992 (7th Cir. 1980). Instead, she is eligible if payment of the filing fee will prevent her from providing for life's necessities. *See id.* In this case, Ms. Allen filed her *in forma pauperis* application and financial affidavit using the form affidavit provided by this district. However, Ms. Allen's application is incomplete. Among other questions, she did not answer the question regarding whether or not she was employed. She also did not answer the questions regarding whether she earned any income from a salary, pension, social security, or welfare. She also did not answer the questions regarding whether she owned any securities or real estate. Since the Court is unable to determine whether Ms. Allen qualifies to proceed *in forma pauperis*, her motion is denied. *See, e.g., Grant v. Pocius,* No. 12 C 95, 2012 U.S. Dist. LEXIS 25922, at *1-2 (N.D. Ill. Feb. 29, 2012) (not available in Westlaw) (denying motion to proceed *in forma pauperis* because, *inter alia,* movant failed to answer all the questions on the form); *Owens v. Illinois,* 11 C 6093, 2011 U.S. Dist. LEXIS 100691, at *2-3 (N.D. Ill. Sept. 6, 2011) (not available in Westlaw) (same).

    Even if Ms. Allen sufficiently proved that she could not pay the mandated court fees, her motions would still be denied. Section 1915 requires the Court to review an action of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum,* 352 F.3d 1107, 1109 (7th Cir. 2003).

    When evaluating whether a plaintiff has stated a claim in the context of an application for leave to proceed *in forma pauperis,* the Court applies the same standard as that for a motion to dismiss under Rule 12(b)(6). *See, e.g., Allen v. JP Morgan Chase,* No. 10 cv 01237, 2010 WL 1325321, at *1 (N.D. Ill. Mar. 30,

| STATEMENT |
|---|

2010) (citing *Zimmerman v. Tribble,* 226 F. 3d 568, 571 (7th Cir. 2000)). When considering a Rule 12(b)(6) motion, the Court treats all well-pleaded allegations as true and draws all inferences in favor of the non-moving party. *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009). To properly state a valid claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); s*ee also Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true ... 'state a claim to relief that is plausible on its face.'"*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To determine whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. If the factual allegations are well-pleaded, the Court assumes their veracity and then turns to determine whether they plausibly give rise to an entitlement to relief. *See id.* A claim has facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id.* at 678. However, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009).

    In this case, Ms. Allen's Complaint fails as a matter of law and must be dismissed because she has failed to state a cognizable claim that may be heard by this Court. For the most part, Ms. Allen's Complaint is incomprehensible. The Court believes that the crux of Ms. Allen's Complaint is that she is alleging that De Paul University directed certain of its security guards to attack Ms. Allen in retaliation for a state court suit that Ms. Allen filed against De Paul for overcharging her on her tuition. However, the allegations in the Complaint, as currently stated, are insufficient to give De Paul and the other defendants fair notice of Ms. Allen's claims. Furthermore, the Court does not believe it has subject-matter jurisdiction over Ms. Allen's claims. To the extent any claims are alleged, they appear to be common law claims for assault, battery, and false imprisonment. These claims do not arise under federal law and Ms. Allen does not assert diversity jurisdiction under § 1332. Indeed, there does not appear to be any basis for such an assertion since all the parties are residents of Illinois. As a result, Ms. Allen's Motion to Proceed *in forma pauperis* must be denied. Since Ms. Allen has failed to state a claim, and it appears that she is unable to do so, her case is dismissed and her motion for appointment of counsel is denied.